**SEA–LAND SERVICE, INC., Plaintiff,**

**v.**

**POWERTEX, INC., Defendant.**

No. 95–CV–1224.

United States District Court,
N.D. New York.

Nov. 25, 1996.

Sills, Cummis Law Firm, New York City (Calvin A. Jones, Jack Wenik, of counsel), for plaintiff.

Kostelanetz, Fink Law Firm, New York City (Brian C. Wells, of counsel), for defendant.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

The present case is an *in personam* action brought by the plaintiff, SEA–LAND, against the defendant POWERTEX, pursuant to admiralty and maritime law, seeking the payment of a certain sum relating to the transport of goods. In the present motions, the plaintiff seeks an Order of this Court dismissing the action or staying further proceedings to await determination of related claims currently pending in New Jersey state court. The Court notes that although the claims set forth in each case are not identical, they may require the resolution of certain common factual issues.

The plaintiff argues that this Court and the state court have concurrent jurisdiction over the claims, that this Court cannot obtain personal jurisdiction over all necessary parties, that dismissal is mandated to avoid piecemeal litigation, and that the state case has advanced nearly to the point of completed discovery while the instant action is still at the pleading stage, and that all of the above supports dismissal or a stay of the instant action. The defendant counters that this Court has exclusive jurisdiction over admiralty and maritime cases, that both cases are engaged in the discovery phase, that the federal forum is not inconvenient, that the federal forum was chosen by the plaintiff and prior to filing an action in state court, that the source of law to resolve the issues raised in the federal action is federal, and that dismissal or a stay would promote forum shopping. The defendant has cross-moved for an extension of time for discovery.

An extensive recitation of the facts is not necessary. It is undisputed that a federal action, grounded upon admiralty and maritime law was filed in this Court relating to

charges allegedly incurred in connection with a trademark license agreement. Subsequent to the commencement of this action, the same plaintiff filed a state court action in New Jersey alleging fraud and bribery and other charges against Powertex and certain officers or former officers of Powertex and Sea–Land relating to the aforementioned agreement. Although the claims are different, it is quite clear that certain factual issues relating to the claims filed in each forum are identical, e.g., issues relating to the validity of the agreement. It is also undisputed that there has been more discovery in the state court action to date than in the federal action.

The Court will now turn to the following issues:

1. Whether this Court has exclusive jurisdiction over Sea Land's admiralty and maritime claim.

2. If jurisdiction is found to be concurrent, whether dismissal of the Complaint or a stay of the instant action is appropriate under the law of this Circuit.

3. If not, whether an extension of the discovery period is appropriate.

## II. DISCUSSION

### A. Admiralty And Maritime Law: Subject Matter Jurisdiction

The parties disagree as to whether the Court has exclusive or concurrent jurisdiction with the New Jersey state court over claims asserted pursuant to admiralty and maritime law. The plaintiff argues that jurisdiction is concurrent, and thus not a bar to the relief requested. The defendant argues that this Court's jurisdiction is exclusive, and thus, the plaintiff's request for relief is merely a delay tactic, as the claims asserted must be determined in federal court.

■ "The Constitution provides that the federal judicial power 'shall extend ... to all Cases of admiralty and maritime Jurisdiction.' U.S. Const.Art. III, § 2, cl. 1. Federal-court [sic] jurisdiction over such cases, however, has never been entirely exclusive." *American Dredging Co. v. Miller*, 510 U.S. 443, 446, 114 S.Ct. 981, 984, 127 L.Ed.2d 285 (1994). The so-called "saving to suitors"

clause has been interpreted to grant exclusive jurisdiction to federal courts in *in rem* actions, but concurrent jurisdiction with the state courts in *in personam* actions. *See generally Id.* As has been explained by the Supreme Court

"Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. (citation omitted). It is this kind of in rem proceeding which state courts cannot entertain. But the jurisdictional act does leave state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation."

*Madruga v. Superior Court*, 346 U.S. 556, 560–61, 74 S.Ct. 298, 300–01, 98 L.Ed. 290 (1954).

■ The instant action is one characterized as *in personam*. The action seeks recovery from a corporate person, Powertex, for alleged failure to pay certain accrued charges. This is not a case where the state court, if deciding the case and adopting remedies, would "make changes in the 'substantive maritime law.'" *Id., quoting Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 124, 44 S.Ct. 274, 277, 68 L.Ed. 582 (1924). Accordingly, the Court has concurrent jurisdiction over the admiralty and maritime claim asserted in the plaintiff's Complaint with the New Jersey state court. Therefore, the Court is not precluded from considering the issue of dismissal or stay of this action in favor of determination by the state court.

### B. Dismissal Or Stay Of The Instant Case

As set forth above, the parties to this action have set forth multi-factored arguments for and against the dismissal and/or stay of the instant case. Both the plaintiff and defendant have relied on the standards that germinated from *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In es-

**16**

sence, the plaintiff asks that this Court abstain from exercising its jurisdiction over a claim in favor of state court determination.

 As stated in *Colorado River,* "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813, 96 S.Ct. at 1244. Moreover, the Court stated that "a federal court should [not] exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* (citation omitted). The Court then identified the three situations in which abstention would be appropriate: First, " 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.' " *Id., quoting County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). Second, "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Id.* Finally, the Court stated that "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* 424 U.S. at 816, 96 S.Ct. at 1245 (citation omitted). This case, and the concomitant arguments of counsel relating to the present motions, does not fall within any of these categories.

 However, the Supreme Court has held that abstention may be appropriate "in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* at 817, 96 S.Ct. at 1246, *quoting Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The Court, cautioning that dismissal is warranted only on finding "the clearest of justifications," set forth three non-exclusive factors to be considered by the Court before abstaining: "the inconvenience of the federal forum ... the desirability of avoiding piece-

meal litigation ... and the order in which jurisdiction was obtained by the concurrent forums." *Id.* 424 U.S. at 818, 96 S.Ct. at 1247.

 The Second Circuit, after consideration of *Colorado River,* instructs that "[a] district court may decline to exercise its jurisdiction in 'exceptional circumstances' based on 'considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 326 (2d Cir.1986) (citations and internal quotation omitted). The *Bethlehem* Court then iterated two additional factors set forth by the Supreme Court for consideration on the issue of abstention: "whether state or federal law supplies the rule of decision, and whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." 800 F.2d at 327, *citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 14–16, 103 S.Ct. 927, 936–937, 74 L.Ed.2d 765 (1983). Thus, although whether or not to stay or dismiss an action on abstention grounds is a matter within the discretion of the Court, "a federal court ... has a 'virtually unflagging obligation' to exercise [ ] jurisdiction, even if an action concerning the same matter is pending in state court." *Id., citing Colorado River,* 424 U.S. at 817–18, 96 S.Ct. at 1246–47.

 After considering all of the factors, and taking note of the strong tendency to exercise jurisdiction, the Court declines to dismiss the federal action or stay its progression pending the state court action. First, the plaintiff chose this forum, and chose it before filing in state court. Second, dismissal would not necessarily avoid piecemeal litigation. The action in this Court is characterized as a "collections case." Whether it is properly called a collections case or an admiralty case, the fact remains that the state action is neither. It is a state law fraud action. The fact that certain parties to each are the same and that certain factual issues may be in common does not mean that resolution of each case will result in piecemeal

litigation. *See* 800 F.2d at 328. Third, the plaintiff has failed to show that the federal forum is in any way inconvenient. Fourth, as stated in the federal Complaint, federal law applies to the federal claim, and fraud is a state law cause of action. Thus, the rule of decision for each claim is from the forum in which the claims were filed. Moreover, even if the rule of decision, or relevant substantive law were from state law, it would not be given much weight by this Court in favor of granting the plaintiff's motion. *See Id.* Fifth, the mere fact that the state forum will provide an adequate protection for the interests of the parties with respect to the federal claims is afforded little weight in favor of the plaintiff's motion. As stated in *Bethlehem,* "[t]his factor, like choice of law, is more important when it weighs in favor of federal jurisdiction." *Id.*

Accordingly, the plaintiff's motion for dismissal or a stay of the instant case is DENIED.

### C. Motion For Extension Of Time For Discovery

The defendant's motion for an extension of the discovery deadline is referred to the sound discretion of the Magistrate Judge.

## III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the plaintiff's motion and refers the defendant's motion to the Magistrate Judge.

**IT IS SO ORDERED.**